UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. LUEDTKE,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM GRIESBACH, KIRK OBEAR, KARINE MORENO-TAXMAN, GINA COLLETTI, RUDOLPH RANDA, ANTHONY ISHII, STANLEY BOONE, BARBARA MCAULIFFE, DALE DROZD, SHEILA OBERTO, ERICA GROSJEAN, HENRY WILHOIT, JAMES TRIMBLE, MICHAEL CARVAJAL, CURRENT DIRECTOR OF THE AMERICAN CORRECTIONAL ASSOCIATION, ARTHUR ROONEY, CURRENT TREASURY SECRETARY, ACTING WARDEN<br><br>Defendants. | Case No. 1:21-cv-718-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND THE CASE BE DISMISSED WITHOUT PREJUDICE[1]<br><br>OR, ALTERNATIVELY, TO DISMISS COMPLAINT UNDER § 1915A AS FRIVOLOUS, MALICIOUS, AND FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS<br><br>(Doc. No. 3)<br><br>ORDER DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE IN THE SACRAMENTO DIVISION |

Plaintiff James Luedtke, a federal prisoner, is proceeding *pro se* on his civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

*Narcotics*, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (Doc. No. 1). Plaintiff accompanied the filing of his Complaint with a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. (Doc. Nos. 2, 3).

For the reasons set forth herein, the court recommends denying plaintiff's motion to proceed IFP under 28 U.S.C. § 1915(g) because plaintiff has had at least three dismissals that constitute strikes and he has not established he meets the imminent danger exception. The court further recommends the case be dismissed without prejudice if plaintiff fails to pay the filing fee before the objection period expires. In the abundance of caution, the undersigned alternatively recommends dismissal of the Complaint under § 1915A, in the event the district court finds plaintiff has satisfied the imminent danger exception. Finally, the undersigned provides notice to plaintiff that his continual filing of frivolous actions may qualify him to be deemed a "vexatious" litigant in the Eastern District of California under the All Writs Act.

**I.     BACKGROUND AND FACTS**

Plaintiff is incarcerated at Atwater United States Penitentiary located in Atwater, California. His Complaint identifies plaintiff's former defense counsel and numerous federal officials, including several United States District Judges and United States Magistrate Judges, as defendants. (Doc. No. 1 at 1-2). The Complaint sets forth twenty-six different, unrelated claims spanning eighteen years from 2003 through 2021. The gravamen of the Complaint is that plaintiff claims he is a "victim of the system." (*See generally Id.*). Plaintiff states he is "actually (factually) innocent of all the bogus, trumped-up charges," for which he was convicted in 2003, after a jury trial, and sentenced to 42 years in from federal prison. (*Id.* at 2-3). The Complaint then characterizes the Federal Bureau of Prisons ("BOP") as "money hungry, corrupt" and "a government gulag," and claims BOP collected over $500,000.00 from him. (*Id.* at 4). Plaintiff then details the numerous cases he filed and alleges the various judges who have denied his habeas corpus petitions and/or civil rights complaints, who are named as defendants, have violated the judicial canons and operated as a "kangaroo court" by creating "illegal forms" and issuing "rubber stamped" dismissals. (*Id.* at 1-14). Plaintiff challenges the Prison Litigation Reform Act, specifically 28 U.S.C. § 1915(g), as illegal and violative of the United Nations

Convention Against Torture. (*Id*. at 15-16). He then alludes to certain judges by name, accusing them of illegal acts and attributing derogatory and defamatory epitaphs to each. (*Id*. at 12-17, 24, 29). Finally, plaintiff complains about the wages the BOP pays inmates and his failure to receive his economic impact payments. (*Id*. at 24-26). In the final count for relief, Plaintiff raises a medical deliberate indifference claim, alleged to have occurred three weeks before filing the instant action. (*Id.* at 34-36). Similar to the defamatory comments set forth earlier in the Complaint, plaintiff refers generally to medical staff at the facility as "self-appointed" or "alleged doctors," and refers to the correctional facility as a "hellhole" operated as a "modern Nazi concentration camp." (*Id.* at 36). As relief, plaintiff seeks one billion dollars in compensatory damages, one billion dollars in punitive damages, and a jury trial. (*Id.* at 36).

## II. APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

To determine whether a dismissal counts as a strike, a reviewing court looks to the dismissing court's actions and the reasons underlying the dismissal. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the it occurred before plaintiff initiated the instant case. *See* § 1915(g).

3

A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016).

      Although not exhaustive, dismissals that do *not* count as § 1915(g) strikes include: dismissals of habeas corpus petitions, unless the habeas was purposefully mislabeled to avoid the three strikes provision. *See generally El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (dismissals of habeas cases do not count as strikes, noting exception). A denial or dismissal of writs of mandamus petitions, the *Younger*[2] abstention doctrine, and *Heck v. Humphrey*[3] generally do not count as a strike, but in some instances *Heck* dismissals may count as a strike. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d at 1055-58 (citations omitted) (recognizing some *Heck* dismissals may count as strikes but noting others do not; and reiterating abstention doctrine dismissals and writs of mandamus do not count as strikes). A dismissal of a claim based on sovereign immunity does not count as a strike. *Hoffman v. Pulido*, 928 F.3d 1147 (9th Cir. 2019). The Ninth Circuit also does not count cases dismissed for lack of jurisdiction as strikes. *Moore v. Maricopa Cty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011). Finally, the Ninth Circuit has ruled that if one reason supporting a dismissal is not a reason enumerated under §1915A, then that reason "saves" the dismissal from counting as a strike. *Harris v. Harris*, 935 F.3d 670 (9th Cir. 2019).

////

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).
[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

4

Once prisoner-plaintiffs have accumulated three strikes, they may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoners "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative, fanciful or "are conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11.

The foregoing law must be taken in context of Congressional intent when enacting the Prison Litigation Reform Act, under which § 1915(g) falls. As the United States Supreme Court recently discussed in *Lomax*, the purpose of § 1915(g) was to curb the "flood of nonmeritorious claims," even if not abusive claims, but to allow the court a mechanism to recognize a "three striker," deny IFP on that basis, requiring payment of the full filing fee, which absent being paid, dismissing the case, and thereby permitting time for consideration of suits more likely to succeed. *Lomax*, 140 S.Ct. at 1726; *see also Bruce v. Samuels*, 577 U.S. 82, 85(2016) (the PLRA was designated to filter out the bad claims filed by prisoners and facilitate consideration of the good, resulting in the payment of all future filing fees payable up front for those prisoner-plaintiffs deemed three-strikers).

**III. ANALYSIS FOR THREE-STRIKES**

**A. Plaintiff Has Three or More Qualifying Strikes**

Plaintiff is identified as a "three-striker" on the national *Pro Se* Three Strike Database and a review of the Pacer Database reveals plaintiff has filed at least 88 civil actions or appeals in a court of the United States and has been deemed a three-striker under § 1915(g) by a number of courts prior to filing this lawsuit.[4] Although not exhaustive, for purposes of these findings and

---

[4] *See* http://156.128.26.105/LitigantCase.aspx?PersonID=6929 (National Pro Se Database); http://pacer.usci.uscourts.gov.

recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
|---|---|---|
| February 26, 1999 | *Luedtke v. United States of America*, Case No. 1:99-cv-00503-UNA (D.D.C.) | Dismissed for failure to state a claim |
| February 26, 1999 | *Luedtke v. United States of America*, Case No. 1:99-cv-00513-UNA (D.D.C.) | Dismissed for failure to state a claim |
| March 22, 1999 | *Luedtke v. Posner*, Case No. 1:99-cv-01695 (S.D. Ill.) | Dismissed for failure to state a claim |
| March 12, 2014 | *Luedtke v. Obama*, Case No. 1:14-cv-00389-UNA (D.D.C.) | Dismissed for failure to state a claim |
| January 14, 2015 | *Luedtke v. Obama*, App. Case No. 14-5084 (6th Cir. 2015) | Dismissing on court's own motion under 28 U.S.C. § 1915(g) as frivolous, malicious, or for failure to state a claim |

This court has previously denied plaintiff's motion to proceed IFP in other matters based on his three-striker status. *See, e.g*, Case No. 1:20-cv-01662-AWI-SAB (E.D. Ca. 2020), Doc. No. 6 at 2-3 (noting above-referenced cases as strikes, along with several more). Further, plaintiff is labeled a "restricted filer" and has a filing injunction entered against him from filing any civil rights actions, without alleging he is in imminent danger of serious physical injury, in the United States District Court for the Eastern District of Wisconsin. *See Luedtke v. Gudmanson*, Case No. 97-c-57 (E.D. Wis. 1997). It is unquestionable that plaintiff has accumulated three or more qualifying strikes for purposes of § 1915(g).

**B. The Imminent Danger Exception Does Not Apply**

Because plaintiff has three or more qualifying cases, the undersigned next considers whether the allegations in plaintiff's complaint plausibly state facts to fall within the imminent danger of serious physical injury exception. In the final count for relief, count 26, plaintiff alleges he has "internal bleeding . . . seeping blood in [his] colon" and states it is "noticeable in the toilet." (*Id.* at 34-35). Plaintiff alleges that the condition has been going on for "around three

weeks," he has told prison medical staff, and the "self-appointed medical doctor" advised him the condition "could be a blowed [sic] out polyp, or cancer." (*Id.* at 35). Plaintiff alleges he has sent email(s) about his medical concern "at this U.S.P hellhole," but his email was ignored. (*Id.*) He further alleges that one "alleged doctor" "acted like [he] cared" and said testing would start the next day, to no avail. (*Id.*). Plaintiff recently filed a motion acknowledging that the bleeding started on April 10, 2021, that he requested to be seen in medical on April 30, 2021, and that he was seen by medical doctors "and weighed and sent back to the unit." (Doc. No. 5).

As set forth above, in order to meet the imminent danger requirement, the threat or prison condition must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d at 330-331 (9th Cir. 2003) A prisoner who alleges that prison officials continue with a practice that has injured him, or others similarly situated in the past, will satisfy the ongoing danger standard and meet the imminence prong of the three-strikes exception. *Andrews*, 493 F.3d at 1057 (citing *Ciarpaglini*, 352 F.3d at 330-331 (finding prisoner allegations met the "imminent danger" requirement when the prison's decision to stop providing medications had caused a number of physical ailments.); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002)(finding allegations about a prison's failure to provide for a tooth extraction sufficient to meet the imminent danger requirement, when delay had previously allowed an infection to spread in the inmate's mouth).

Courts may deny IFP and find no imminent danger if the claims of imminent danger are "conclusory or ridiculous." *See Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection 2 years previously is not imminent danger); *Martin v. Shelton*, 319 F.2d 1048, 1050 (8th Cir. 2003)(working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.2d 1226, 1231 (10th Cir. 1998)("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

Plaintiff's Complaint comprises 37 pages. The issues presented in counts 1 to count 25 of the Complaint are patently frivolous or malicious, naming a litany of defendants, mainly federal officials tied to his criminal conviction and United States District Judges and United States Magistrate Judges. In what appears to be an apparent attempt to circumvent the intended purpose

7

of § 1915(g), in plaintiff's final count for relief, count 26, he alleges he has been experiencing rectal bleeding for three weeks prior to initiating the action. This final count appears in one paragraph on page 35 of the Complaint. (Doc. No. 1 at 35). After comparing BOP Atwater to "a modern Nazi concentration camp," plaintiff asserts the "so-called health experts have plaintiff's life and health in peril by ignoring a serious medical need." (Doc. No. 1 at 36).

Undoubtedly a prisoner-plaintiff alleging delay in receiving medical treatment, or receiving no medical treatment at all, may state a claim for deliberate indifference claim under the Eighth Amendment. At first blush, the medical condition plaintiff describes is seemingly serious. *See Wilson v. Shinn*, Case No. 20-00416-TUC-TCC (D. Az. Dec. 22, 2020), 2020 WL 8024370 * 2 (noting plaintiff plausibly alleged imminent danger of serious physical injury when plaintiff complained of internal bleeding).

The problem is, when presented in context with all of plaintiff's other incredulous claims, it is more conceivable than not that plaintiff is attempting to circumvent § 1915(g)'s prohibition, which causes the court to question the veracity of this claim as both imminent and possibly subjecting plaintiff to serious physical injury. The medical condition borders on conclusory and ridiculous to the extent he attempts to draws an analogy between the federal correctional institution and Nazi concentration camps. And, plaintiff acknowledges in his recently filed motion that he has been seen medical staff for the condition, which dispels his initial allegations that he was not being examined by medical. (*See* Doc. No. 5, noting that he was seen and examined by medical but not "sent to an outside hospital for treatment by a real doctor that is competent."). Plaintiff does not state that he is exhibiting any other symptoms other than noticing the blood in the toilet. Moreover, despite naming approximately 20 defendants, plaintiff does not name one physician, or medical staff provider at Atwater, as a defendant. Thus, when taken in context of the whole complaint and that no medical defendants are identified, and considering that plaintiff was seen by medical officials at the prison, despite his disagreement with their course of action, the court does not find plaintiff has satisfied the imminent danger of serious physical injury exception to avoid the § 1915(g) bar.

///

**C. Plaintiff Must Pay the Filing Fee During Objection Period or Face Dismissal**

The undersigned further recommends that if plaintiff does not pay the full filing fee during the thirty-day period for filing his objections, that the district court dismiss the case, without prejudice upon its adoption of the Findings and Recommendation. Considering the Amended Standing Order in Light of Judicial Emergency in the Eastern District of California, this court has an enormous backlog of civil cases and need not permit a litigant all too familiar with the Three Strikes Rule to repeatedly file cases that are frivolous, malicious, or fail to a state claim, and are precisely those cases the Prison Litigation Reform Act was enacted to curtail. *See also Blackwell v. Jenkins*, Case No. 2021 WL 825747, Case No. 2:19-cv-442-TLN-DB (E.D. Ca. March 4 ,2021) (recommending denial of *ifp* motion and dismissal without prejudice, unless prisoner-plaintiff pays the full filing fee by the deadline for filing objections to the findings and recommendations); *see also Dupree v. Gamboa*, Case No. 1:19-cv-953-LJO-GSA, 2019 WL (E.D. Cal. 2019) (denying *in forma pauperis* motion and dismissing case without waiting thirty days to permit plaintiff additional time to pay the filing fee). Providing plaintiff with thirty days, as opposed to the statutory fourteen-day period, to both object and pay the filing fee, provides plaintiff as a *pro se* prisoner litigant sufficient notice and an opportunity to prosecute this action while simultaneously enabling the court an ability to more efficiently manage its overburdened docket.

**IV. SCREENING UNDER § 1915A**

**A. Applicable Screening Law**

In the event the district court determines that plaintiff has satisfied the imminent danger exception based on his allegations in count 26, alternatively the undersigned recommends dismissal of the action under § 1915A as frivolous, malicious, or for failure to state a claim.

The court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officers, or its employees. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

During screening, the court accepts as true the allegations of the complaint, *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976), construes the pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt). The court does not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (while factual allegations are accepted as true, legal conclusions are not.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however unartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, *id*.(quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Finally, examples of immunity from relief for consideration during screening, include, but are not limited to, judicial immunity, sovereign immunity, or qualified immunity. Additionally, a plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimus*, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on Prison Litigation Reform Act's injury requirement).

**B. The Complaint**

As discussed above, the Complaint names nearly twenty defendants and sets forth twenty-six claims for relief. Plaintiff names the following defendants who he identifies as judges: William Greisbach, Rudolph Randa, Anthony Ishii, Stanley Boone, Barbara McAuliffe, Dale Dzord, Sheila Oberto, Henry Wilhout, James Trimble, and, a court clerk, Gina Colletti. (Doc. No. 1 at 1-2). Plaintiff names the following defendants who he identifies as either Assistant United States Attorneys or defense attorneys: Moreno Taxman, Kirk Obear, and Arthur Rooney. Finally, plaintiff names Michael Carvajal, who plaintiff identifies as the director of the Bureau of Prisons. (*Id.*).

In counts one and two, plaintiff challenges his underlying arrest, the criminal charges, subsequent criminal conviction following a jury trial, and the alleged illegal sentence imposed.

(*Id.* at 1-5). Plaintiff alleges that Judge Greisbach illegally added "much time" to plaintiff's illegal sentence because he exercised his right to proceed to trial. (*Id.* at 4).

Counts 18 and 19 are directed at the attorneys who either prosecuted him or were his court-appointed criminal defense and appellate attorneys. (*Id.* at 21- 23). Plaintiff takes issue with his appellate attorney's failure to raise claims on appeal and claims he did "more to gut the appeal process than anything else." (*Id.* at 22).

Counts 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 22, 30, 23, 24, 25 are each directed at the federal courts, the federal judges' and/or their respective decisions denying plaintiff relief sought on either his § 2241 petitions, his *Bivens* claims, or a compassionate release petition, and the federal correctional institutions. (*Id.* at 5-34). Therein, plaintiff refers to the courts as "kangaroo courts," who have a rubber stamp to deny relief, and further espouses that the federal court only have jurisdiction of cases involving counterfeiting, treason, and piracy. (*Id.* at 7). Count 14 is directed at the Prison Litigation Reform Act, to which plaintiff alleges is unconstitutional and illegal. And, count 22 is directed at the American Correctional Institution and alleges it is a "rubberstamp" accreditation process and permits U.S. penitentiaries to violate prisoner's rights.

Count 26 alleges plaintiff "has recently developed mother serious health problem over the past three weeks [he] has [had] internal bleeding." (*Id.* at 34-35). Plaintiff alleges "blood is constantly seeping into plaintiff's colon and is noticeable in the toilet." *(Id.* at 35). Plaintiff claims medical staff have told him it could be a polyp or cancer. (*Id.*). Plaintiff states he has requested a medical complaint form but has not exhausted his grievance. (*Id.*).

**C. Analysis**

**1. Judges are entitled to judicial immunity**

To the extent plaintiff names numerous federal United States District Court Judges and United States Magistrate Judges located in Wisconsin, Kentucky, and California, based on the allegations in the Complaint, these judges are entitled to absolute judicial immunity.

Judicial immunity is immunity from suit, not just immunity from damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (other citations omitted). This immunity applies even when the

judge's acts are in error, malicious, or were in excess of his or her own jurisdiction. *Id.* (noting judicial immunity applies even when a judge is accused of acting maliciously and corruptly). To determine whether an action is "judicial," the court considers the nature of the act and whether it is a function normally performed by a judge. *Id.* at 14. Precedent explains judges are not immune in two circumstances: (1) actions not taken in the judge's judicial capacity; and (2) actions taken in the absence of all jurisdiction. *Id.* (citations omitted); *see also Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974)("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction.").

Here, plaintiff names judges as defendants who have presided over his criminal trial and appeal, or his many civil actions. Presiding over criminal and civil trials are fall squarely within judicial capacity. Thus, each judge was acting within the scope of their judicial capacity. Although plaintiff espouses the federal court's jurisdiction is limited to acts of treason, piracy, and counterfeiting, the federal court properly had jurisdiction of his federal civil rights and § 2241 habeas corpus cases as matters raising federal questions.

To the extent plaintiff generally challenges the Prison Litigation Reform Act as unconstitutional, the courts have deemed the PLRA constitutional. *See Imprisoned Citizens Union v. Ridge*, 169 F.3d 178, (3d Cir. 1999) (upholding PLRA against separation of powers argument), *Wilson v. Waklich*, 148 F.3d 596, 6060 (6th Cir 1998) (finding § 1915(g) does not violate the Constitution's *Ex Post Facto* Clause); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (finding §1915(g) passes constitutional muster) (other citations omitted). Therefore, the complaint fails to state a claim against any of these judges because they are each entitled to absolute judicial immunity, nor does the complaint sufficiently state a claim against the PLRA.

**2. Prosecutors/Public defenders entitled to prosecutorial immunity**

Plaintiff names as defendants an Assistant United States Attorney who prosecuted his criminal action, and his appointed criminal defense attorneys. Like judges acting in their judicial capacity, prosecutors also enjoy immunity from suits for damages when they act within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). The common-law

13

immunity of a prosecutor stems from concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his [or her] public duties. . . ." *Id.* The allegations are evident that plaintiff wishes to sue the prosecutor for acts taken the prosecutorial capacity during plaintiff's criminal trial. These acts are immune from civil liability.

Plaintiff's court-appointed federal public defender and appellate attorney are also entitled to immunity from civil suit if the acts alleged involve negligent misconduct. *Tower v. Glover*, 467 U.S. 914, 920 (1984). When public defenders are acting in their role of advocate they are not acting under the color of state, or federal, law for purposes of a § 1983 or a *Bivens* action. *See Georgia v. McCollum*, 5050 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (9th Cir. 2003) (en banc). The United States Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of s state supervisor. *Vermont v. Brillon*, 556 U.S. 81, 91 (2009). Accordingly, plaintiff may not bring an action against his court-appointed defender, or his appellate attorney, for their role taken in defending him during his criminal case and later appeal. Consequently, the Complaint fails to state a claim against these defendants as well.

### 3. Medical Deliberate Indifference is not Exhausted

Finally, the court turns to plaintiff's medical deliberate indifference claim. As previously noted, in the final count for relief, plaintiff alleges he has experienced rectal bleeding for three weeks. A prisoner-plaintiff alleging an Eighth Amendment medical deliberate indifference claim, must allege facts showing that the doctors exposed him to a substantial risk of serious harm and were deliberately indifferent to his constitutional rights. *Mendiola-Martinez v. Arpaio*, 836 F.2d 1239, 1248 (9th Cir. 2016). It is not enough that a prison official failed "to alleviate a significant risk that he should have perceived but did not" rather, "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). A difference in opinion between a prisoner and medical staff on treatment is insufficient. *Wilhelm v. Rotman*, 680 F.2d 1113, 1122 (9th Cir. 2012).

At this stage of the proceedings, taking plaintiff's allegations as true, internal bleeding for three weeks sufficiently alleges a serious medical condition. *Supra* at 9. The Complaint also contains some facts that could support un-identified defendants acted with deliberate indifference to that serious medical condition to the extent plaintiff claims unnamed medical staff refused to treat him.

However, in screening the complaint, the court determines the complaint is flawed under Fed. R. Civ. P. 8 because it does not name, or remotely identify with any descriptive characteristics, any medical defendants responsible for the decisions involving plaintiff's medical care. (*Id.* at 1-2, 35-36). The complaint does not allege who plaintiff has seen in the medical department, or who is refusing to provide him with medical treatment. (*Id.* at 35-36). Further, plaintiff acknowledges that medical staff have seen him and advised him that "he could have a polyp or cancer." (*Id.*). So, it is clear plaintiff has been to the medical department, albeit the timing is unclear in the complaint.

Ordinarily, a prisoner-plaintiff should be given an opportunity to amend a complain to correct such deficiencies. However, a court need not permit, or direct, the plaintiff to file an amended complaint if amending would be futile. *See Silva v. DiVittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011)(noting futility exception to permitting a prisoner-plaintiff to file a second amended complaint), *overruled other grounds, Coleman v. Tollefson*, 575 U.S. 532 (2015) (to extent *Silva* court held that a strike could not count as a strike until the prisoner-plaintiff waived his right to appeal, or concluded the appeal, was contrary to the plain reading of § 1915(g)).

Here, it would be futile to direct plaintiff to file an amended complaint with respect to his Eighth Amendment deliberate indifference claim to identify the defendants who are responsible for the actions, or inaction, involving his medical care because it is apparent from the face of the complaint plaintiff has not fully and properly exhausted his administrative remedies regarding this claim prior to filing this action, which is mandated by the Prison Litigation Reform Act. *See Harris v. Harris*, 935 F. 3d 670, 676 (9th Cir. 2019) (recognizing dismissal proper where affirmative defenses are "clear on the face of the complaint").

Plaintiff alleges the onset of the symptoms he described started a mere three weeks ago. He admits that on April 26, 2021, three days before he signed the Complaint, he sent an email requesting a complaint form to grieve the alleged lack of medical care but had not received the form at the time he signed the complaint. (Doc. No. 1 at 36). Thus, it is irrefutable that plaintiff has not exhausted his administrative remedies prior to filing the Complaint.

>Title 42 U.S.C. § 1997e(a) provides:
>>No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* Prisoners must exhaust their administrative remedies in accordance with the applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007)

The court takes judicial notice of the exhaustion procedure set forth by the Bureau of Prisons concerning medical-related claims under either *Bivens*, or if a claim of medical malpractice, the Federal Tort Claims Act. To exhaust a Bivens claim, the Bureau of Prisons' (BOP) administrative remedy procedure is set forth at 28 C.F.R. § 542.10-§ 542.19. *See also Champion v. Smith*, Case no. CV-08-01503-ROS(PC), 2012 WL 930858 *1-*2 (E.D. Ca. March 19, 2012). In general, although not an exhaustive review, the BOP provides a three-level administrative remedy process. 28 C.F.R. § 542. The process begins when a prisoner presents a "Request for Administrative Remedy" at the institution where he is incarcerated (step one- informal resolution). § 542.13. If the request is denied, the inmate may file a "Regional Administrative Remedy Appeal" with the Regional Office for the geographic region in which the inmate's institution is located (step two). § 542.14(a). This must be completed within 20 calendar days following date on which the basis for the request occurred, but time may be extended for a valid reason for the delay. § 542.14(b). The form is obtained from CCC staff or institution staff, ordinarily a counselor. § 542.14(c)(1). The statute does not indicate that an email request is acceptable, appropriate, or even possible. *Id.* The form must include *only a single* complaint, or a reasonable number of closely related issues. § 542.14(c)(3). Finally, if the Regional Office

denies relief, the inmate can appeal to the Office of General Counsel via a "Central Office Administrative Remedy Appeal" (step three). § 542.15

The above process may be deviated from, if the matter is of a "sensitive nature," concerning inmate's safety or well-being. § 542.14(d)(1). In this scenario, an inmate may submit a "Request" directly to the Regional Director marked "sensitive."

Exhaustion a claim under the FTCA is distinct from the PLRA exhaustion requirement. *Champion,* 2012 WL 930858 *2 (other citations omitted). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident to the federal agency responsible for the activities giving rise to the claim. *Meridian Intern. Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991) Specifically, 28 U.S.C. § 2675(a) provides that a claimant may not bring an FTCA action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a). To sufficiently meet § 2675(a)'s requirement of giving notice to the appropriate federal agency, a claimant must: (1) give the appropriate agency written notice of his or her claim sufficient to enable the agency to investigate; and (2) place a value on his or her claim. If the plaintiff has not satisfied those requirements, the district court lacks jurisdiction over the FTCA claim. *Meridian Intern Logistics, Inc.*, 939 F.2d at 743.

The face of the Complaint evidences that plaintiff has not exhausted his administrative remedies with either the BOP, or to the extent he wishes to pursue a medical malpractice action, the FTCA, before he filed the instant action. To the extent plaintiff alleges he requested a grievance form "by email," and hasn't received one, does not amount to the grievances process being "unavailable." (Doc. No. 1 at 35). The BOP exhaustion process set forth above is clear that these forms are provided to inmates who contact a CCI. *Supra* at 16. Nor does plaintiff assert he attempted to informally resolve his issue before "emailing" to request the grievance form. (Doc. No. 1 at 34-36).

Because exhaustion is required before a prisoner-plaintiff initiates a lawsuit, the undersigned recommends dismissal, without prejudice, due to plaintiff's failure to exhaust his available administrative remedies. *Barnhill v. Berney*, 109 F. App'x 868, 2004 WL 2203800 *1

17

(9th Cir. 2004)(affirming district court dismissal for another ground not asserted by the district court but supported by the record due to plaintiff conceding he did not exhaust his prison administrative remedies), *but see Garcia v.* Doe, 744 F. App'x 508 (9th Cir. 2018) (if unclear from face of complaint, then dismissal is not proper). *Warren v. Floyd*, 35 F.3d 573 (9th Cir. 1994) (affirming district courts *sua sponte* dismissal for failure to exhaust administrative remedies under both § 2241 and his *Bivens* medical claim).

**V. Warning- Notice of Designation as a Vexatious Litigant and Filing Injunction**

The All Writs Act set forth at 28 U.S.C. § 1651(a) provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "The record supporting such an order 'needs to show, in some manner, that the litigant's activities were numerous or abusive.'" *Harris*, 863 F.3d at 1143 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). While such pre-filing orders are an extreme remedy that should rarely be used considering the individual's due process right of access to the courts, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time hat properly could be used t consider the meritorious claims of other litigants." *Molski*, 500 F.2d at 1057.

The Ninth Circuit has outlined the following four factors for district courts to examine before deeming a litigant "vexatious," and entering any pre-filing orders: (1) the litigant must be given notice and a chance to be heard; (2) the district court must compile "an adequate record for review"; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (citing *De Long*, 912 F.2d at 1147). Plaintiff should consider this order notice that continued filing of frivolous suits against federal officials and federal judges may deem him a "vexatious litigant," precluding the future filing of civil rights action in this court and requiring certain pre-filing pre-requisites that will be narrowly tailored to fit the circumstances.

////

**V. Warning- Notice to Plaintiff of Designation as a Vexatious Litigant and Filing Injunction**

The All Writs Act set forth at 28 U.S.C. § 1651(a) provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "The record supporting such an order 'needs to show, in some manner, that the litigant's activities were numerous or abusive.'" *Harris*, 863 F.3d at 1143 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). While such pre-filing orders are an extreme remedy that should rarely be used considering the individual's due process right of access to the courts, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time hat properly could be used t consider the meritorious claims of other litigants." *Molski*, 500 F.2d at 1057.

The Ninth Circuit has outlined the following four factors for district courts to examine before deeming a litigant "vexatious," and entering any pre-filing orders: (1) the litigant must be given notice and a chance to be heard; (2) the district court must compile "an adequate record for review"; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (citing *De Long*, 912 F.2d at 1147). Plaintiff should consider this order notice that continued filing of frivolous suits against federal officials and federal judges may deem him a "vexatious litigant," precluding the future filing of civil rights action in this court and requiring certain pre-filing pre-requisites that will be narrowly tailored to fit the circumstances.

Accordingly, it is **ORDERED**:

1. Considering plaintiff sues both sitting United States District Judges in the Eastern District of California, Fresno Division, the Clerk is directed to assign this case to a District Judge in the Sacramento Division.

It is further **RECOMMENDED**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 3) be denied under 28 U.S.C. § 1915(g) and, if plaintiff does not pay the full filing fee by the thirty-day (30) objection deadline, that the case be dismissed, without prejudice, and all other pending motions be terminated as moot.

2. Alternatively, the district court dismiss the complaint without prejudice for failure to state a claim under § 1915A for the reasons set forth above.

3. That this order serve as a notice to plaintiff that continued filing of such actions may deem him a vexatious litigant under the All Writs Act, thereby precluding future filing of civil rights actions in the Eastern District of California, absent plaintiff satisfying certain pre-filing pre-requisites, such as payment of the full filing fee, and/or meritorious allegations of imminent danger of serious physical injury.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE