UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM GREISBACH, KIRK OBEAR, KARINE MORENO-TAXMAN, GINA COLLETTI, RUDOLPH RANDA, ANTHONY ISHII, STANLEY BOOONE, BARBARA MCAULIFFE, DALE DROZD, SHEILA OBERTO,<br><br>　　　　Defendants. | Case No. 1:21-cv-00718-TLN-HBK<br><br>Order Denying Plaintiff's Motion for Judge Substitution and Recommending that District Court Consider the Motion in Determining Whether a Show Cause Order Shall Issue as to Why Plaintiff Should Not Be Deemed a Vexatious Litigant Under the All Writs Act<br><br>(Doc. No. 8) |

　　　Pending before the Court is *pro se* Plaintiff's "motion for judge substitution" filed June 1, 2021. (Doc. No. 8). Because the motion requests the undersigned to "recuse herself from this case immediately," the court construes the motion as a motion for recusal.[1] (*See* Doc. No. 8 at 7). Like the allegations in Plaintiff's Complaint, Plaintiff refers to the court as a "kangaroo court." (*Id.* at 1); (*see also* Doc. No. 7 at 1-3) (reviewing generally allegations in Complaint). Unlike the Complaint, however, the content of the instant motion is extremely hostile and surpasses defamatory or slanderous statements, bordering instead on threatening and clearly misogynistic

---

[1] Upon review of the motion, the Court finds the motion seeking recusal of the undersigned Magistrate Judge under 28 U.S.C. § 144 and § 455.

comments. Plaintiff's motion contains approximately 7 pages of derogatory *ad hominem* attacks directed to impugn the character and reputation of the undersigned. (*Id.* at 1-7). The attacks not only fail to lend credibility to Plaintiff's argument but exemplify why Plaintiff should be deemed a vexatious litigant. The Court will not respond to Plaintiff's libelous statements and instead will limit itself to a review of the law for purposes of ruling on the motion.

## I. STANDARD OF REVIEW

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. In pertinent part, 28 U.S.C. § 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a).

The test for personal bias or prejudice under sections 144 and 455 are identical and the same standard is applied to both sections. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455 is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913.

Recusal under 28 U.S.C. § 144 is only required where the prejudice or bias of the judge is both personal and extra-judicial. *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979). For the alleged bias and prejudice to be disqualifying, it must stem from an extrajudicial source other than what the judge learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The source of the bias must be extra-judicial because the

2

recusal statutes were "never intended to enable a discontented litigant to oust a judge because of adverse rulings made. . . ." *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913).

## II. ANLAYSIS

Plaintiff does not include an affidavit contemplated under § 144. Thus, the Court considers the motion as filed under § 455. The basis for Plaintiff's motion apparently was prompted by the May 27, 2021 Findings and Recommendation ("F&R") issued by the undersigned. The undersigned was the only Magistrate Judge who could review the Complaint because Plaintiff named every other United States District Judge and Magistrate Judge in the Eastern District of California, Fresno Division, as defendants in the action. Based on the May 27, 2021 F&R, Plaintiff seeks recusal of the undersigned, alleging, *inter alia*, personal bias or prejudice, without any factual support for his conclusory allegation that the undersigned dismisses "all prisoner litigation." (Doc. No. 2 at 7).

Plaintiff's contentions that the undersigned issued an order amounting to a "rubber stamp" denial is contradicted by the F&R. The undersigned issued a lengthy, 22-page F&R. (Doc. No. 7). The F&R noted the number of cases Plaintiff has filed nationwide, including a filing injunction issued by the United States District Court in Ohio, and recommended that the District Court find Plaintiff qualify as a three-striker. (*Id.* at 3-6). The Court carefully considered Plaintiff claim of internal bleeding, deeming it not to satisfy the imminent physical injury exception to the three-strikes rule based on the totality of the Complaint. (*Id.* at 6-8). Further, in the abundance of caution, the Court alternatively screened the Complaint under § 1915A and recommended that the District Court dismiss the Complaint as frivolous, malicious or for failure to state claim. (*Id.* at 8-18). Finally, the Court cautioned Plaintiff under 28 U.S.C. § 1651(a), the All Writs Act, which allows district courts to enter pre-filing orders against vexatious litigants after the litigant has notice and an opportunity to be heard, among other requisite elements. (*Id.* at 18-19).

Section 455 requires a party to show more than an "unsubstantiated suggestion of personal bias or prejudice." *Holland*, 519 F.3d at 913. Otherwise, a judge could recuse herself "for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find

3

difficult, distasteful, inconvenient or just plain boring." *Id.* at 912.  In the absence of a legitimate reason to disqualify herself, "a judge should participate in cases assigned." *Id.* (citations omitted).  The instant motion and a review of the F&R to which Plaintiff takes issue do not justify recusal of the undersigned under either § 144 or § 455.  The court finds no basis for recusing herself in this action.

The court does, however, recommend that the District Judge consider the nature and content of Plaintiff's motion, primarily directed to the undersigned and many other female federal judges, when considering the F&R and Plaintiff's Objections thereto, particularly for purposes of considering the appropriateness of an Order to Show Cause directed at Plaintiff as to why he should not be deemed a vexatious litigant under the All Writs Act.  *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014) (noting courts must discern the intent of the filing and whether the intent was to harass a defendant or the court).  The content and nature of the allegations in the Complaint and the instant motion have surpassed litigiousness and evidence vexation.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for recusal (Doc. No. 8) is **DENIED**.

2. Plaintiff is warned that any future pleadings containing *ad hominem* attacks directed at the undersigned, other federal judges, or the Court will be stricken from the docket and returned.

It is further **RECOMMENDED**:

The District Court consider Plaintiff's Motion (Doc. No. 8) when considering whether a Show Cause Order shall issue as to why Plaintiff should not be deemed a vexatious litigant under the All Writs Act.

IT IS SO ORDERED.

Dated: June 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4