UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>   Plaintiff,<br><br>   v.<br><br>WILLIAM GRIESBACH; et. al. ,<br><br>   Defendants. | Case No. 1:21-cv-00718-TLN-HBK<br><br>ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. No. 2) |

James Luedtke, a federal prisoner who is proceed *pro se*, initiated this action by filing a Complaint on May 3, 2021. (Doc. No. 1). Pending before the Court is Plaintiff's motion to appoint counsel, also filed on May 3, 2021. (Doc. No. 2, "Motion").

As background, the Court issued a Findings and Recommendations to the district court recommending that the court deny Plaintiff's motion for leave to proceed *in forma pauperis* because he qualifies as a three-striker under § 1915(g), or alternatively dismiss the action because the Complaint fails to state a claim under § 1915 on May 27, 2021. (Doc. No. 7, "F&R"). The Court also issued an order denying Plaintiff's motion to recuse on June 24, 2021. (Doc. No. 10).

Plaintiff's Motion seeking appointment of counsel identifies a litany of reasons counsel is warranted, including Plaintiff's indigence and his lack of formal legal training. (Doc. No. 2 at 1-2). Plaintiff acknowledges that he has not tried to secure his own private counsel because he does not have access to private attorney's contact information. (*Id.*). Plaintiff further claims that none

of the federal courts honor *pro se* litigants' filings and a lawyer could help advance his case. (*Id.* at 2-4). Plaintiff also argues his case involves complex issues. (*Id.* at 4). Plaintiff then points to one of the multiple claims raised in the Complaint, a medical claim, alleging an expert will be necessary if his case proceeds to trial. (*Id.* at 5).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, Plaintiff has not met his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). This case is in the early stages of litigation and an F&R recommending the dismissal due to Plaintiff's three-striker status, or alternately for failure to state a claim, remains pending. (Doc. No. 7). And, to the extent Plaintiff argues his medical claim supports the appointment of counsel, the Court noted in its F&R that Plaintiff did not name any defendants who were responsible for providing or overseeing plaintiff medical care, nor did he exhaust his administrative remedies concerning his medical claim before filing the action. (Doc.

| | |
|---|---|
| 1 | No. 7 at 6-8, 14-18).  Moreover, prison litigation often involves medical claims, and an |
| 2 | extraordinary situation is not demonstrated through the "vicissitudes of prison life." *Chaffer v.* |
| 3 | *Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010).  While the assistance of counsel during trial may |
| 4 | be helpful, the "relevant consideration is not one of convenience" but rather exceptionalness. |
| 5 | *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  And plaintiff's |
| 6 | inability to find counsel is not "a proper factor" when considering a request for counsel.  (*Id*). |
| 7 | Finally, contrary to Plaintiff's assertion, the Court does not find the issues are "so complex that |
| 8 | due process violations will occur absent the presence of counsel."  *Bonin v. Vasquez*, 999 F.2d |
| 9 | 425, 428–29 (9th Cir. 1993). |
| 10 | Accordingly, it is ORDERED: |
| 11 | Plaintiff's motion to appoint counsel (Doc. No. 2) is denied. |
| 13 | Dated:   July 12, 2021 |
| 14 | HELENA M. BARCH-KUCHTA<br>UNITED STATES MAGISTRATE JUDGE |