# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>              Plaintiff,<br><br>    v.<br><br>WILLIAM GRIESBACH, ET. AL.,<br><br>              Defendants. | Case No. 1:21-cv-00718<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER<br><br>(Doc. No. 5) |

      Pending before the Court is Plaintiff's "Motion for Order," which was delivered to correctional officials for mailing on May 12, 2021. (Doc. No. 5, "Motion"). Plaintiff, a federal prisoner, states he first noticed "blood in the toilet" on April 1, 2021, and "sent medical a[n] email about the internal bleeding" on April 21, 2021. (*Id.* at 1). Plaintiff acknowledges he "was called to the medical" on April 30, 2021, weighed, and then sent back to his unit. (*Id.*). Plaintiff states, "no action has been taken to remedy the internal bleeding" and requests the Court to order the Warden of Atwater Federal Correctional Institution to provide Plaintiff with medical care at an "outside hospital." (*Id.* at 1-2).

      Other than citing to Fed. R. Civ. P. 8, the Motion otherwise fails to identify any legal authority to support the Motion. (*See* Doc. 5 at 1). Plaintiff acknowledges he was called to the medical department after he emailed them complaints about his bleeding. (*Id*. at 1). Plaintiff does not state he is otherwise suffering any other physical symptoms. (*See generally Id.*). It

appears Plaintiff disagrees with the medical care he is being provided. Thus, in addition to having other remedies available to him, Plaintiff's claim is not "clear and certain" to warrant mandamus relief. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (finding a writ of mandamus appropriate only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available.).

To the extent Plaintiff intended the Motion to seek preliminary injunctive relief, the Motion is wholly deficient as Plaintiff neither identifies, nor even attempts to establish, the factors to prevail on such a motion. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also* 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act. Further, a motion seeking preliminary injunctive relief would be premature since Plaintiff has not been granted to leave to proceed *in forma pauperis,* he has not paid the filing fee, and his Complaint has not proceeded past the screening stage.

Accordingly, it is **ORDERED:**

Plaintiff's Motion for Order (Doc. No. 5) is DENIED.

Dated:   July 15, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE