UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM GRIESBACH; KIRK OBEAR; HARINE MORENO-TAXMAN; GINA COLLETTI; ANTHONY ISSI; STANLEY BOONE; BARBARA MCAULIFFE; DALE DROZD; SHEILA OBERTO,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00718-TLN-HBK<br><br>**ORDER** |

　　　　Plaintiff James Luedtke ("Plaintiff"), a federal prisoner proceeding *pro se*, initiated this action by filing a prisoner civil rights complaint on May 3, 2021. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 27, 2021, the magistrate judge filed findings and recommendations, which were served on Plaintiff and contained notice to Plaintiff that any objections to the findings and recommendations were due in thirty days. (ECF No. 7.) The findings and recommendations additionally provided a warning-notice to Plaintiff that his continued filings may result in designation as a vexatious litigant and issuance of a filing injunction against him under the All Writs Act, 28 U.S.C. § 1651. (*Id.* at 18–19.)

On June 1, 2021, Plaintiff filed a "Motion for Judge Substitution." (ECF No. 8.) On June 7, 2021, Plaintiff filed objections to the pending findings and recommendations. (ECF No. 9.)

On June 24, 2012, the magistrate judge construed the June 1, 2021 filing (ECF No. 8) as a motion for recusal and denied Plaintiff's motion.[1] (ECF No. 10.) Additionally, the magistrate judge issued the recommendation that the undersigned:

> consider the nature and content of Plaintiff's motion, primarily directed to the [magistrate judge] and many other female federal judges, when considering the [findings and recommendations] and Plaintiff's Objections thereto, particularly for purposes of considering the appropriateness of an Order to Show Cause directed at Plaintiff as to why he should not be deemed a vexatious litigant under the All Writs Act.

(ECF No. 10 at 4 (citing *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014) (noting courts must discern the intent of the filing and whether the intent was to harass a defendant or the court)).)

The Court considers both Plaintiff's objections to the findings and recommendations and the magistrate judge's recommendation to issue an Order to Show Cause as to why Plaintiff should not be deemed a vexatious litigant under the All Writs Act herein.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. *See McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). Having reviewed the file under the applicable legal standards, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

The All Writs Act, set forth at 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "The record supporting such an order 'needs to show, in some manner, that the

---

[1] The magistrate judge also warned Plaintiff that any future pleadings containing *ad hominem* attacks directed at herself, other federal judges, or the Court would be stricken from the docket and returned. (ECF No. 10 at 4.)

litigant's activities were numerous or abusive.'" *Harris*, 863 F.3d at 1143 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  While such pre-filing orders are an extreme remedy that should rarely be used considering the individual's due process right of access to the courts, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.2d at 1057 (citing *De Long*, 912 F.2d at 1147).

The Ninth Circuit has outlined the following four factors for district courts to examine before deeming a litigant "vexatious," and entering any pre-filing orders: (1) the litigant must be given notice and a chance to be heard; (2) the district court must compile "an adequate record for review"; (3) the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.* (citing *De Long*, 912 F.2d at 1147).

The Court finds the content and nature of the allegations in the Complaint and the instant motion have surpassed litigiousness and evidence vexation.  Notably, Plaintiff's motion contains approximately seven pages of derogatory *ad hominem* attacks designed to impugn the character and reputation of the magistrate judge.  (*See* ECF No. 8 at 1–7.)

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed on May 27, 2021 and June 24, 2021 (ECF Nos. 7, 10), are ADOPTED IN FULL;

2. This action is DISMISSED; and

3. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment against Plaintiff.

IT IS FURTHER ORDERED that Plaintiff shall show cause as to why he should not be deemed a vexatious litigant under the All Writs Act, 28 U.S.C. § 1651(a), for the reasons detailed herein.  Plaintiff shall submit his response to this Order to Show Cause no later than 30 days after the electronic filing of this Order.

//

//

IT IS SO ORDERED.

DATED: March 8, 2022

Troy L. Nunley
United States District Judge

4