UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUEDTKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM GREISBACH, KIRK OBEAR, KARINE MORENO-TAXMAN, GINA COLLETTI, RUDOPH RANDA, ANTHONY ISHII, STANLEY BOONE, BARBARA MCAULIFFE, DALE DROZD, SHEILA OBERTO,<br><br>　　　　Defendants, | No. 1:21-cv-00718-TLN-HBK<br><br>**ORDER** |

　　　　This matter is before the Court on its March 9, 2022 Order to Show Cause as to why Plaintiff James Luedtke ("Plaintiff") should not be deemed a vexatious litigant. (ECF No. 14.) Plaintiff was given thirty days to respond. (*Id.*) To date, Plaintiff has not responded to the Court's Order to Show Cause. For the reasons listed below, the Court finds that Plaintiff is a vexatious litigant.

///

///

///

1

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On May 3, 2021, Plaintiff filed the instant *pro se* suit against multiple Defendants, alleging various federal and state law violations. (ECF No. 1.) Pursuant to the *Pro Se* Three Strike Database, the assigned magistrate judge found that Plaintiff "has filed at least 88 civil actions or appeals in a court of the United States and has been deemed a three-striker under § 1915(g) by a number of courts." (ECF No. 7 at 5.)

Due to Plaintiff's status as a three-striker, the magistrate judge recommended Plaintiff be ordered to pay the filing fee. (*Id.* at 20.) The magistrate judge further analyzed the underlying claims and recommended dismissal based on Plaintiff's failure to state a claim. (*Id.*) Finally, the magistrate judge provided notice to Plaintiff of his potential designation as a vexation litigant. (*Id.*)

Following the magistrate judge's findings and recommendations, Plaintiff filed a "motion for judge substitution" which the Court construed as a motion for recusal. (ECF Nos. 8, 10.) The magistrate judge noted that the content of Plaintiff's motion was "extremely hostile and surpasse[d] defamatory or slanderous statements, bordering instead on threatening and clearly misogynistic comments." (ECF No. 10 at 1–2.) The magistrate judge pointed to seven pages of derogatory and *ad hominem* attacks on her. (*Id.*) The magistrate judge recommended the District Court consider issuing an Order to Show Cause as to why Plaintiff should not be deemed a vexatious litigant under the All Writs Act. (*Id.* at 4.) On March 9, 2022, this Court adopted the findings and recommendations in full and issued an order to show cause as to why Plaintiff should not be deemed a vexation litigant. (ECF No. 14.)

II.    **LEGAL STANDARD**

District courts have the inherent power to enter pre-filing orders against vexatious litigants under the All Writs Act. 28 U.S.C. § 1651(a); *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Id.* Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant abuse of the judicial power . . . enables one person to

2

preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In *De Long*, the Ninth Circuit set forth the requirements for entering pre-filing orders against vexatious litigants:

(1) The litigant must be given notice and opportunity to be heard before the order is entered;

(2) The court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that an individual is a vexatious litigant;

(3) The court must make substantive findings that the litigant's filings are frivolous or harassing; and

(4) The pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered."

*De Long*, 912 F.2d at 1147–48.

### III.    ANALYSIS

The Court will go through the factors set forth in *De Long* in turn.

####    A.    Notice and Opportunity to be Heard

The first factor simply requires the litigant be given an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. It does not require an in-person hearing. Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument. *See, e.g.*, *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.") (internal quotations omitted).

Here, the Court finds the first *De Long* factor is met because the Court issued an Order to Show Cause and Plaintiff had an opportunity to file a written opposition. (ECF No. 14); *see also Martin v. Redwood City Dental Care*, No. 15-cv-3151-JST, 2015 WL 9489898 (N.D. Cal. Dec. 29, 2015) (finding plaintiff was given an opportunity to be heard despite not responding to the order to show cause or appearing at the hearing).

B.     Adequate Record for Review

The second factor is merely procedural. *De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant was needed."). It requires only that the court compile a list of actions and filings by the litigant. *See, e.g.*, *Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 WL 144047 (N.D. Cal. Jan. 11, 2013) (finding the second *De Long* factor met where the court "compiled a list of all the actions Plaintiff filed"). Here, this factor is met as the Court has listed and discussed seven prior filings in detail. (ECF No. 7 at 6.) Moreover, the Court has cited to the PACER Database and the 88 civil actions filed by Plaintiff. (*Id.* at 56.)

C.     Frivolous or Harassing Filings

The third factor "gets to the heart of the vexatious litigant analysis," *Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

The Court notes that the number of cases filed by Plaintiff is significant. *See De Long*, 912 F.2d at 1147 (citing cases involving 35, "over 50," and "over 600" actions); *Miles v. Makishima*, No. C-08-4091-MMC, 2009 WL 2512022 (N.D. Cal. Aug. 14, 2009) (same). However, the number of lawsuits filed by the litigant need not even be as numerous as in the instant action. *See Boustred v. Government*, No. C-08-00546-RMW, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) (finding "plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants" sufficient in terms of finding an "adequate record for review").

Here, while the number of Plaintiff's filings can conceivably establish him as a vexatious litigant per se, the threatening, attacking, and patently without merit filings can do so as well. *See, e.g.*, *Huggins v. Hynes*, 117 F. App'x 517, 518 (9th Cir. 2004) (unpublished disposition) (affirming district court's pre-filing order in part because "Huggins abused the courts by repeatedly relitigating the same controversy and repeatedly filing frivolous motions and

4

pleadings"). As discussed at length in the record, Plaintiff's instant action includes harassing and attacking filings that are patently without merit. The Court finds this factor is satisfied.

### D. Narrowly Tailored

The fourth and final factor requires the pre-filing order be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)).

Plaintiff has brought multiple lawsuits before multiple judges in this district, based on previously rejected facts and theories. Moreover, Plaintiff is already labeled a "restricted filer" and has a filing injunction entered against him from filing any civil rights actions, without alleging he is in imminent danger of serious physical injury, in the United States District Court for the Eastern District of Wisconsin. *See Luedtke v. Gudmanson*, Case No. 97-c-57 (E.D. Wis. 1997). Accordingly, the Court finds it appropriate to deem him a vexatious litigant and to fashion a narrowly tailored pre-filing order as set forth below:

Plaintiff must obtain leave of Court before filing any further civil rights suits unless he is alleging he is in imminent danger of serious physical injury. The Clerk of this Court shall not accept for filing any further complaints filed by Plaintiff or on behalf of Plaintiff alleging any claims described herein until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether Plaintiff has stated a potentially cognizable claim in a short, intelligible, and plain statement.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff is hereby DECLARED a vexatious litigant. The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiff alleging civil rights violations unless he is alleging he is in imminent danger of serious physical injury. If Plaintiff wishes to file a complaint alleging any such restricted claims, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this

Order to the Clerk of this Court.  The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing.  Any violation of this Order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

IT IS SO ORDERED.

DATE: July 6, 2022

Troy L. Nunley
United States District Judge